IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | | |
|---|---|---|
| RICHARD COOPER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 3:05-CV-555 |
| | ) | |
| | ) | |
| CITY OF LOUDON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## **MEMORANDUM OPINION**

This civil action is before the court for consideration of the "Motion for Summary Judgment" filed by defendant, Johnny James, individually and d/b/a James Body Shop & Wrecker Service ("James"), [doc. 28] and the "Motion for Summary Judgment" filed by defendants, City of Loudon, James Webb, in his official capacity only, Jonathan Yates, and Brian Jenkins, (sometimes "Loudon defendants") [doc. 23]. Plaintiff has filed a response to the James motion [docs. 37 & 38] and to the Loudon defendants' motion [docs. 35 & 36]. Defendants Webb, Yates, and Jenkins have filed a reply brief [doc. 39].

Plaintiff has brought suit pursuant to 42 U.S.C. § 1983 for alleged deprivation of his constitutional rights stemming from the seizure of his vehicle, a 2002 Ford F-150 pickup truck. He also alleges state law claims based on negligence. For the reasons stated herein, both motions for summary judgment will be granted in part and denied in part.

I.

*Background*

On April 19, 2004, defendant Officer Jonathan Yates approached a Ford F-150 pickup truck parked in the parking lot of a closed pharmacy. The occupant of the truck, Natalie Robinnett, told Officer Yates that her boyfriend had left her there and had gone off in another vehicle. Ms. Robinnett's boyfriend returned and identified himself as Richard Paul Cooper ("Paul Cooper"). Paul Cooper is the plaintiff's son. Officer Yates questioned Paul who eventually turned over a large bag of marijuana to the officer. Paul was booked, and after waiving his constitutional rights he signed a statement admitting that he sold "the weed," which a state laboratory later confirmed to be marijuana. At the time of the arrest, the truck, registered in the name of the plaintiff, was towed by defendant James to the city's impound lot.

On April 22, 2004, Loudon County General Sessions Court Judge William Russell issued a forfeiture warrant that sought the forfeiture of the F-150 pickup truck. Officer Yates swore in the warrant that the vehicle had been used to sell and deliver marijuana. The warrant was addressed to Richard Paul Cooper and Richard Cooper, the plaintiff herein. The warrant also sought the forfeiture of the $122.75 seized from Paul Cooper at the time of his arrest.

Plaintiff sought return of the truck through state administrative channels by filing a claim with the Tennessee Department of Safety, and a hearing before an

administrative law judge was held July 6, 2005. On July 12, 2005, the administrative law judge issued an order finding that the plaintiff was an innocent owner of the truck and that Paul Cooper was not a co-owner; thus the truck was to be returned to the plaintiff. However, the administrative law judge found that the money seized was proceeds of a drug transaction and was to be forfeited to the seizing agency. Plaintiff filed the instant complaint on December 2, 2005.

II.

*Summary Judgment Standard*

Pursuant to Federal Rule of Civil Procedure 56(c), summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Canderm Pharmacal, Ltd. v. Elder Pharms., Inc*., 862 F.2d 597, 601 (6th Cir. 1988) (quoting Fed. R. Civ. P. 56(c)). The moving party may discharge its burden by demonstrating that the non-moving party has failed to establish an essential element of that party's case for which he or she bears the ultimate burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The moving party need not support its motion with affidavits or other materials negating the opponent's claim. *Id.* at 323. Although the moving party has the initial burden, that burden may be discharged by a "showing" to the district court that there is an absence of evidence in support of the non-moving party's case. *Id.* at 325 (emphasis in original).

After the moving party has carried its initial burden of showing that there are no genuine issues of material fact in dispute, the burden shifts to the non-moving party to present specific facts demonstrating that there is a genuine issue for trial. *Matsushita Elec. Indus. Co., Ltd., v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). "The 'mere possibility' of a factual dispute is not enough." *Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582 (6th Cir. 1992) (citing *Gregg v. Allen-Bradley Co.*, 801 F.2d 859, 863 (6th Cir. 1986)). In order to defeat the motion for summary judgment, the non-moving party must present probative evidence that supports its complaint. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-50 (1986). The non-moving party's evidence is to be believed, and all justifiable inferences are to be drawn in that party's favor. *Id.* at 255. The court determines whether the evidence requires submission to a jury or whether one party must prevail as a matter of law because the issue is so one-sided. *Id.* at 251-52.

III.

*Analysis*

A. Section 1983 Claims

The Loudon defendants argue that the §1983 claims are barred by the applicable statute of limitations. The court agrees.

State law determines the statute of limitations for § 1983 claims, but federal law governs when the statute begins to run. *Sharpe v. Cureton,* 319 F.3d 259, 266 (6th Cir.

2003). With regard to §1983 claims, district courts apply the statute of limitations for personal injury claims in the state where the injury is alleged to have occurred. Therefore, the statute of limitations for a federal civil rights claim brought under § 1983 in Tennessee is governed by the one-year limitation period of Tenn. Code Ann. section 28-3-104. *Wright v. Tennessee*, 628 F.2d 949, 951 (6th Cir. 1980); *Merriweather v. City of Memphis,* 107 F.3d 396 (6th Cir. 1997). "[T]he statute of limitations period begins to run when the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996) (citing *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991)).

Plaintiff's vehicle was seized April 19, 2004, and the forfeiture warrant was issued April 22, 2004. Thus, by April 22, 2004, plaintiff knew or had reason to know of his injury, the seizure of his vehicle. His §1983 claim should have been filed no later than one year from the date of the seizure; however, he did not file this lawsuit asserting that claim until December 2, 2005. Plaintiff contends that he did not know of his injury until July 12, 2005, when the state administrative law judge ordered that the truck was to be returned to the plaintiff.[1] The court does not agree. The basis of this lawsuit is the seizure of plaintiff's pickup truck and the damages it allegedly sustained. That seizure occurred in April 2004 not when the administrative law judge ruled that the truck should be returned to plaintiff.

---

[1] While plaintiff did not learn of the physical damage to his truck until it was returned to him, that damage relates to the negligence of the defendants while the truck was in their custody, not to plaintiff's knowledge of his constitutional claim for the seizure of the truck

The exhaustion of state administrative remedies is not a prerequisite for bringing a claim pursuant to §1983. *Porter v. Nussle*, 534 U.S. 516, 523 (2002); *Patsy v. Bd. of Regents*, 457 U.S. 496, 516 (1982). Thus, plaintiff was not required to complete the state administrative process for the return of his vehicle before he filed his §1983 claim. Further, the statute of limitations was not tolled during the time plaintiff pursued those administrative remedies. *See, e.g., Haeberle v. Univ. of Louisville,* No. CIV.A.01-44-JBC, 2002 WL 768316, at *2 (W.D. Ky. Apr. 29, 2002) (statute of limitations for §1983 not tolled while plaintiff pursued university's administrative grievance procedures). There is no basis for tolling the statute of limitations during the time the plaintiff herein pursued his administrative remedies for the return of his truck. The tolling cases that the Loudon defendants' acknowledge and distinguish and that plaintiff arguably would like applied, *Heck v. Humphrey*, 512 U.S. 477 (1994) and *Shamaeizadeh v. Cunigan*, 182 F.3d 391 (6th Cir. 1999), deal with §1983 claims in the criminal context and how such an action reflects upon the validity of a conviction or sentence. The tolling issue in those cases has no application to the circumstances of this case.

Whether plaintiff did or did not pursue administrative remedies for the return of his vehicle has no bearing on when the statute of limitations began to run on his §1983 claim. That claim arose when the pickup truck was seized and the forfeiture warrant was issued. Plaintiff knew or had reason to know of his injury and constitutional claim at that time. Therefore, the Loudon defendants' motion for summary judgment will be granted as

to plaintiff's §1983 claims for damages and injunctive relief because those claims are time barred.

James in his motion for summary judgment argues that plaintiff cannot prevail against him on a §1983 claim because he was not acting under color of law when he towed plaintiff's vehicle. To the extent plaintiff may have stated a §1983 claim against James, it too is time barred, and summary judgment on that claim will be granted as well.

B. Negligence Claims

With the dismissal of the §1983 claims, no claims arising under federal law remain in this action. The court declines to exercise supplemental jurisdiction over the state law claims. Therefore, plaintiff's state law claims for negligence will be dismissed in accordance with 28 U.S.C. §1367(c). The court's decision to decline the exercise of supplemental jurisdiction over any remaining state law claims is an appropriate use of its discretion. 28 U.S.C. § 1367(c); *Wexley v. Mich. State Univ.*, 821 F. Supp. 479, 487 (W.D. Mich. 1993). Therefore, to the extent that the motions for summary judgment seek dismissal of any negligence claims, they will both be denied as moot.

Accordingly, the summary judgment motion filed by defendants, City of Loudon, James Webb, in his official capacity only, Jonathan Yates, and Brian Jenkins, will be granted in part and denied in part. The summary judgment motion filed by defendant, Johnny James, individually and d/b/a James Body Shop & Wrecker Service, will also be

granted in part and denied in part. An order consistent with this opinion will be entered.

ENTER:

　　　　　　　　　s/ Leon Jordan　　　　　
United States District Judge